UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER G. HOGUE, #352035,

    Petitioner,                                    Civil No. 2:09-CV-11802
                                              HONORABLE ANNA DIGGS TAYLOR
v.                                                UNITED STATES DISTRICT JUDGE

GERALD HOFBAUER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.
**(Docket Entry 3)**

    Walter G. Hogue, ("Petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has now filed a motion to hold the petition in abeyance to permit him to permit him to complete post-conviction proceedings in the state courts, in order to exhaust additional claims that are not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction

1

proceedings in the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hogue,* No. 277614 (Mich.Ct.App. June 17, 2008); *lv. den.* 482 Mich. 1065 (2008).

On May 11, 2009, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the three grounds that he raised in the Michigan courts on his direct appeal.

Petitioner has now filed a motion to hold the habeas petition in abeyance, because he recently filed a post-conviction motion for relief from judgment in the Wayne County Circuit Court, in which he seeks to exhaust additional claims which are not currently part of his petition.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *See Moritz v. Lafler,* No. 2008 WL

783751 (E.D. Mich. March 19, 2008)(citing *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

The Court will grant petitioner's motion to hold the petition in abeyance while he completes the exhaustion of his additional claims in his state post-conviction proceedings. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that

there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Therefore, in order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502, which he apparently has already done. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). . Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme

Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review.  The stay is further conditioned on petitioner's return to this Court with an amended petition, using the same caption and case number, within 60 days of exhausting state remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

DATED: September 24, 2009                              **s/ Anna Diggs Taylor**
                                                       ANNA DIGGS TAYLOR
                                                       UNITED STATES DISTRICT JUDGE

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 24, 2009.

Walter Hogue, #352035
Marquette Branch Prison
1960 U.S. Hwy 41 South
Marquette, MI 49855                                      s/Johnetta M. Curry-Williams
                                                         Case Manager